```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

LARRY E. GASTON,                  :
                                  : NO. 1:03-CV-00691
      Plaintiff                 :
                                  :
                                  : **OPINION AND ORDER**
   v.                             :
                                  :
                                  :
MONA PARKS, et al.,               :
                                  :
      Defendants                :
                                  :

Proceeding pro se, Plaintiff Larry E. Gaston ("Gaston") filed the instant suit on October 8, 2003 against various employees and administrators of the Southern Ohio Correctional Facility ("SOCF") and the Ohio Department of Rehabilitation and Correction ("ODRC"), claiming that he suffered an excessive use of force and deliberate indifference to his serious medical needs while he was incarcerated at SOCF.  On January 13, 2005, all of the named Defendants moved for summary judgment in their favor on all claims (doc. 31), contending that Gaston had failed to proffer any evidence in support thereof.  Gaston failed to respond to the Defendants' motion.  The assigned Magistrate Judge issued a Report and Recommendation (doc. 32) on February 24, 2005, recommending that the Defendants' motion be granted.  The Plaintiff has not filed any objections thereto, rendering the motion ripe for decision by this Court.

Upon de novo review, the Court finds the Magistrate

Judge's Report and Recommendation well reasoned and proper.  Gaston has not proffered any evidence in support of his claim that any of the named Defendants were deliberately indifferent to any of his medical needs; to the contrary, it appears that their response to the incident and medical condition of which the Plaintiff complains was ultimately reasonable under the circumstances.  See, e.g., Estelle v. Gamble, 429 U.S. 97, 107 (1976); Byrd v. Wilson, 701 F.2d 592, 594 (6th Cir. 1983).  Similarly, he fails to provide any evidence that the force used to restrain him during his seizure was applied maliciously or with the intent to cause harm, a necessary predicate for his Eighth Amendment excessive force claim.  See, e.g., Hudson v. McMillian, 501 U.S. 1, 7 (1992); Caldwell v. Moore, 968 F.2d 595, 599-601 (6th Cir. 1992).  The Magistrate Judge also correctly noted that he does not provide any evidence that he suffered injury as a result of the use of the restraints or that any of the named Defendants were even involved in affecting his restraint.  As a result, both of these claims lack merit, and summary judgment for the Defendants is ultimately proper.

      Accordingly, the Magistrate Judge's Report and Recommendation (doc. 32) is ADOPTED IN ITS ENTIRETY.  Defendants' Motion For Summary Judgment (doc. 31) is GRANTED.  The Clerk is

instructed to enter judgment in favor of the Defendants on all claims.

    SO ORDERED.


Dated: April 27, 2005        <u>s/S. Arthur Spiegel         </u>
                                      S. Arthur Spiegel
                                      United States Senior District Judge